IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur D'Amario, III,, ) | No. CV 05-99-TUC-CKJ |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Magdeline Jensen, Chief U.S. Probation ) Officer, ) | |
| Respondent. ) | |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. As discussed below, the petition is denied.

**I. Background**

Petitioner concedes that the facts contained in Respondent's Motion to Dismiss are true. *See* Petitioner's Opposition at 1. As relevant to this matter, effective November 12, 2004, the U.S. Probation Office for the District of Arizona accepted a request from the District of Rhode Island for temporary, courtesy supervision of Petitioner. The courtesy supervision was scheduled for 60 days so that Petitioner could visit his parents in Green Valley, Arizona prior to being admitted to a community corrections center in Boston, Massachusetts pursuant to an Order of the District Court of Rhode Island. Thereafter, the District Court of Rhode Island granted Petitioner an extension of time to remain in the District of Arizona. As such, Petitioner was expected to report to the community corrections

1  center in Boston on March 30, 2005. As Petitioner failed to report as required, the District
2  Court of Rhode Island issued a warrant for his arrest and he was arrested in Arizona.
3  Petitioner then appeared before Magistrate Judge Edmonds, and she ordered him detained
4  and transported to Rhode Island for violation proceedings. Petitioner is now in the custody
5  of federal authorities in Rhode Island.

## II. Discussion

Petitioner alleges in his petition that the Federal Bureau of Prisons has illegally restricted his travel to Rhode Island, that his prison sentences have been miscomputed, and that this miscomputation of prison sentences has led to a miscomputation of his supervised release.[1] Regardless of the merits (or lack thereof) of these allegations, this Court has no subject matter jurisdiction over this petition as Petitioner has been transferred to Rhode Island to serve his sentence. It is undisputed that Petitioner is now in the custody of Rhode Island federal officials. As the habeas petition is only properly directed at Petitioner's current custodian, and this Court does not have jurisdiction over Petitioner's custodian in Rhode Island, this case is dismissed for lack of jurisdiction. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973)("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody . . . [the] writ is . . . directed to, and served upon, not the person confined, but his jailer."); *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999)("Federal courts have authority to grant writs of habeas corpus within their respective jurisdictions . . . The court issuing the writ must have personal jurisdiction over the custodian . . . Without such jurisdiction, the court has no authority to direct the actions of the restraining authority."; holding that a California district court did not have jurisdiction over a habeas action related to a prisoner confined in Missouri); *Dunne v. Henman*, 875 F.2d 244, 248 (9th Cir. 1989)(true

---

[1] Petitioner also claims that he is actually innocent of the federal charge of felon-in-possession of a firearm in Rhode Island. However, in the Court's previous screening Order, Petitioner's claim for relief based on innocence was dismissed.

- 2 -

custodian for purposes habeas petition is the warden of the prison where the petitioner is physically detained").

Accordingly, IT IS HEREBY ORDERED as follows:

(1) Respondent's Motion to Dismiss is **granted**;

(2) This case is **dismissed with prejudice**;

(3) The **Clerk of the Court shall enter judgment accordingly and close the file in this matter**.

DATED this 24th day of October, 2005.

_____
Cindy K. Jorgenson
United States District Judge